Hope Del Carlo, OSB No. 002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JOAN HUSMAN**,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.**,<br><br>Defendant. | Case No.: 3:26-CV-2424<br><br>**COMPLAINT**<br>(Fair Credit Billing Act, 15 U.S.C. § 1666; Oregon Unlawful Trade Practices Act, ORS 646.607, *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

**1.**

When Plaintiff Joan Husman ("Ms. Husman") was 80 years old, she fell prey to a credit card scam that resulted in $19,104.80 in fraudulent charges to two of her credit cards. Under the federal Fair Credit Billing Act ("FBCA"), Defendant Bank of America, N.A., the issuer of Ms. Husman's credit cards, was responsible for investigating, correcting, and not collecting the

unauthorized credit card charges from Ms. Husman after she sent it a timely written billing error notice. Bank of America refused to make the corrections and refund the money to Ms. Husman, thus violating not only the FBCA, but also Oregon's Unlawful Trade Practices Act. Ms. Husman brings this action to recover her damages, including punitive damages for Bank of America's failure to follow federal and Oregon law.

## PARTIES

**2.**

Plaintiff Joan Husman is a natural person who lives in Portland, Oregon, in Multnomah County.

**3.**

Defendant Bank of America, N.A., is a national banking association that issues and services consumer credit card accounts, including the accounts at issue.

## JURISDICTION AND VENUE

**4.**

The Court has original jurisdiction over the FCBA claim under 28 U.S.C. § 1331 because it arises under 15 U.S.C. §§ 1666 and 1640 and Regulation Z, 12 C.F.R. § 1026.13. Supplemental jurisdiction over Ms. Husman's Oregon Unlawful Trade Practices Act ("UTPA") claim exists under 28 U.S.C. § 1367 because the state law claim arises from the same transactions and occurrences as the federal claim.

**5.**

Venue is proper in this District under 28 U.S.C. § 1391(b) because Ms. Husman resides in Multnomah County, Oregon, and a substantial part of the events or omissions giving rise to the claims occurred here.


**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

**6.**

The Court has personal jurisdiction over Bank of America because it purposefully provides banking products and maintains consumer credit card accounts in Oregon, including Ms. Husman's accounts.

## FACTUAL ALLEGATIONS

**7.**

Bank of America extended open-end consumer credit to Ms. Husman through two consumer credit card accounts, with account numbers ending in 3809 and 2513, which Ms. Husman opened and used for personal, family, or household purposes. The accounts were later reissued or renumbered with account endings 2639 and 7926, respectively.

**8.**

On or about December 23, 2025, an unauthorized cash-advance transaction of $9,150.00 was posted to Ms. Husman's account then ending in 2513, together with a $366.00 transaction fee.

**9.**

On or about December 24, 2025, another unauthorized cash-advance transaction of $9,220.00 was posted to Ms. Husman's account then ending in 3809, together with a $368.80 transaction fee.

**10.**

The disputed principal charges and associated fees were initiated by an unknown person and totaled $19,104.80. Ms. Husman did not make or authorize the transactions, did not receive the transferred funds, and did not receive any benefit from them.

**11.**



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

Upon learning of the fraudulent transactions, Ms. Husman promptly reported them to Bank of America's fraud department by phone. She also called and filed a report with the Portland Police Bureau.

**12.**

Bank of America initially reversed the disputed charges, but then it denied her fraud claim, and put the fraudulent charges back on Ms. Husman's accounts. These charges then appeared on Ms. Husman's monthly credit card statements.

**13.**

The periodic statement for the account ending in 2639 covered December 18, 2025, through January 17, 2026, and showed the fraud charges, including $9,220.00 in direct deposit and check cash advances and $368.80 in fees.

**14.**

The periodic statement for the account ending in 7926 covered December 23, 2025, through January 22, 2026, and reflected $9,150.00 in direct deposit and check cash advances and $366.00 in fees.

**15.**

On March 6, 2026, within 60 days after the issuance of the first periodic statements reflecting each of the disputed transactions, Ms. Husman sent Bank of America a written notice of billing error via certified mail, return receipt requested, to the billing inquiries address Bank of America identified for that purpose. The letter was received by Bank of America on or about March 10, 2026. The letter identified Ms. Husman, the affected accounts, Bank of America's claim numbers, the dates and amounts of the disputed transactions and fees, and the reasons she believed the charges were erroneous.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

**16.**

In her March 6, 2026, letter, Ms. Husman expressly stated that she had not authorized the transactions, requested that Bank of America investigate the transfers and refund the disputed amounts, and requested the documents Bank of America relied on to determine that the accounts were not in error, if that was the bank's determination.

**17.**

Bank of America did not correct the unauthorized charges and related fees. It also did not provide Ms. Husman a timely written explanation setting out the reasons for any conclusion that the charges were correct. Likewise, Bank of America did not provide the requested documentary evidence that she was responsible for the charges. Instead, Bank of America denied the claim and asserted that Ms. Husman had authorized the charges.

**18.**

To avoid being charged interest, late charges, damage to her credit rating, and other adverse consequences while Bank of America refused to correct the disputed charges, Ms. Husman paid the disputed amounts, though she continues to dispute that she owed them.

**19.**

Bank of America's account statements evidenced its decision to charge the fraudulent, disputed charges back to Ms. Husman's account, forcing her to pay them. These statements constituted false representations that Ms. Husman owed the unauthorized charges and fees. Those representations were false or misleading because Ms. Husman did not authorize the transactions; Bank of America had an affirmative duty to investigate and take them off her bill, which it shirked. It had no lawful basis for treating them as her obligations.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

## FIRST CLAIM FOR RELIEF— FAIR CREDIT BILLING ACT AND REGULATION Z — 15 U.S.C. §§ 1666, 1640; 12 C.F.R. § 1026.13

**20.**

Ms. Husman realleges paragraphs 1 through 19.

**21.**

Bank of America was a creditor that extended open-end consumer credit to Ms. Husman and transmitted periodic statements for the accounts at issue.

**22.**

The unauthorized cash advances and associated fees were billing errors within the meaning of 15 U.S.C. § 1666(b) and 12 C.F.R. § 1026.13(a), including extensions of credit not made by Ms. Husman or by a person with authority to use her accounts.

**23.**

Ms. Husman's March 6, 2026, letter to Bank of America was a billing error notice within the meaning of 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(b). It was written, timely, sent to Bank of America's specifically identified billing inquiries address, and identified Ms. Husman as the consumer, the relevant credit card accounts, the amounts she alleged as fraudulent charges, their dates, and her reasons for the dispute.

**24.**

After receiving the billing-error notice, Bank of America was required to acknowledge the notice in writing within 30 days unless it resolved the dispute within that period, and to investigate and resolve the dispute within two complete billing cycles, and no later than 90 days, as required by 15 U.S.C. § 1666, and Reg. Z., 12 C.F.R. § 1026.13.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

**25.**

Bank of America violated the FCBA and Regulation Z by failing to timely and adequately investigate and resolve the billing errors, failing to correct the unauthorized transactions and related fees, and failing to provide the required written explanation and requested documentary evidence supporting any conclusion that the charges were correct.

**26.**

As a result of Bank of America's violations of the FCBA, Ms. Husman suffered actual damages, including the amounts she paid to cover the disputed transactions and fees, and emotional distress, including shock, sleeplessness, depression, frustration, loss of control, and feelings of betrayal when she realized that Bank of America was not willing to protect her when she had been its faithful customer for many years. She values her non-economic damages at a minimum amount of $250,000.00.

**27.**

Under 15 U.S.C. § 1640, Bank of America is liable for Ms. Husman's actual damages, statutory damages, costs, and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF—OREGON UNLAWFUL TRADE PRACTICES ACT — ORS 646.608(1)(E), (K), AND ORS 646.638

**28.**

Ms. Husman realleges paragraphs 1 through 27.

**29.**

Bank of America provided consumer credit card accounts to Ms. Husman, which constitute services and loans of money made for personal, family, or household purposes.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

**30.**

By representing in its account statements and dispute handling that Ms. Husman owed the fraudulent charges and related fees, Bank of America made false or misleading representations concerning the characteristics, benefits, and obligations associated with its consumer credit services and concerning the nature of the transaction or obligation incurred.

**31.**

Bank of America's conduct was willful, as it knew or should have known that its representations were false or misleading because Ms. Husman gave it prompt notice of the fraudulent transactions, repeatedly disputed them, and requested supporting evidence that Bank of America did not provide.

**32.**

Bank of America's conduct violated ORS 646.608(1) as follows:

A. It violated ORS 646.608(1)(e) by representing that Ms. Husman's Bank of America credit card accounts have characteristics, quantities, or qualities that they do not have (i.e., the accounts include charges that she is obligated to pay when they do not);

B. It violated ORS 646.608(1)(k) by making false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred;

C. It violated ORS 646.608(1)(s) by making false or misleading representations of fact concerning the offering price of, or Ms. Husman's cost for, credit card services (by refusing to remove fraudulent charges and insisting that she pay amounts that she does not lawfully owe).

///

///



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

**33.**

As a result of Bank of America's willful unlawful trade practices, Ms. Husman sustained an ascertainable loss of money or property, including at least the disputed payments and associated fees totaling $19,104.80.

**34.**

Under ORS 646.638, Ms. Husman is entitled to actual damages or statutory damages of $200.00, whichever is greater, appropriate equitable relief, and reasonable attorney fees and costs.

**35.**

By refusing to investigate and take appropriate action on Ms. Husman's account, Bank of America acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others, warranting an award of punitive damages to be proven at trial in a minimum amount of $5,000,000.00.

**36.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Bank of America, N.A., and award:

For her first claim for relief, under the Fair Credit Billing Act:

A. Actual damages in an amount to be proven at trial, including the disputed $19,104.80 and emotional distress damages in an amount to be determined at trial, with a minimum award of $250,000.00;

B. Statutory damages under 15 U.S.C. § 1640(a)(2)(A)(iii);



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303/Fax: 503-345-6655

C. Relief under 15 U.S.C. § 1666(e), and;

D. Reasonable attorney fees and costs 15 U.S.C. § 1640(a)(3).

For her second claim for relief, under the Oregon Unlawful Trade Practices Act:

A. Actual damages or statutory damages under ORS 646.638;

B. Equitable and declaratory relief necessary to correct Bank of America's account treatment and any adverse reporting related to the disputed amounts;

C. Prejudgment and post-judgment interest as permitted by law;

D. Costs and reasonable attorney fees under 15 U.S.C. § 1640(a)(3);

E. Punitive damages in a minimum amount of $5,000,000.00; and,

F. Such other and further relief as the Court deems just and proper.

**37.**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated this 3rd day of November, 2026.

*/s/ Hope Del Carlo*

Hope Del Carlo, OSB No. 002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff